UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BENJAMIN JERMAINE TUCKER, #332887,

Petitioner,

v.                                                                    ACTION NO. 2:07cv184

NOTTOWAY CORRECTIONAL CENTER,

Respondent.

FILED
APR 25 2007

### TRANSFER ORDER

Petitioner filed this petition to challenge a conviction obtained in Circuit Court for the City of Danville, Virginia. Petitioner is currently incarcerated at Nottoway Correctional Center.

Title 28 U.S.C. § 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Although petitioner's right of forum selection is substantial, the court has discretion to transfer venue pursuant to 28 U.S.C. § 1404(a). See Norwood v. Kirkpatrick, 349 U.S. 29, 32 (1955).

Moreover, the proper venue for petitioner to file for the writ of habeas corpus is set forth in 28 U.S.C. § 2241(d), which states:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such judicial districts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

The Supreme Court has enumerated several private and public interest factors for courts to consider in determining whether a forum is inconvenient, such as "the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; ... all other practical problems that make trial of a case easy, expeditious and inexpensive ... [; and] a local interest in having localized controversies decided at home." Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508-9 (1947).

This case involves a habeas corpus petition, with all occurrences in Danville, Virginia. The only connection with the Eastern District of Virginia is that petitioner is currently incarcerated in Nottoway Correctional Center, in Burkeville, Virginia. However, the facts and witnesses in the case are located in the Western District of Virginia. Moreover, the local interest in the case lies in the Western District of Virginia. Although this action may be brought in this district, this is not the preferable venue. See Word v. State of North Carolina, 406 F.2d 352, 355 (4th Cir. 1969).

The court finds no reason to retain this action in this court. Accordingly, the court ORDERS that this action be transferred to the United States District Court for the Western District of Virginia for further proceedings, as deemed appropriate by that court. The Clerk is **DIRECTED** to send a copy of this Transfer Order to petitioner, and to the Clerk of the United States District Court for the Western District of Virginia, Roanoke Division, together with the file.

/s/ WDKjr.
Walter D. Kelley, Jr.
United States District Judge
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

April 24, 2007

2